# IN THE SUPREME COURT OF TEXAS

═══════════

No. 20-0158

═══════════

RODNEY DRAUGHON, PETITIONER,

V.

JOYCIE JOHNSON, RESPONDENT

═══════════

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS

═══════════

**Argued March 24, 2021**

JUSTICE BUSBY delivered the opinion of the Court, in which JUSTICE GUZMAN, JUSTICE LEHRMANN, JUSTICE BOYD, and JUSTICE DEVINE joined.

JUSTICE BLAND filed a dissenting opinion, in which CHIEF JUSTICE HECHT, JUSTICE BLACKLOCK, and JUSTICE HUDDLE joined.

In this quiet title action, a person who alleges a mental incapacity seeks to prevent his aunt from evicting him from property he inherited, contending that a deed to the aunt he had signed years earlier is void due to his lack of capacity. The aunt moved for traditional summary judgment based on the statute of limitations, and the nephew invoked the unsound-mind tolling statute. The question before us is whether the aunt had the burden to negate unsound-mind tolling in order to conclusively establish her affirmative defense and obtain summary judgment.

We have answered this question yes many times as to other doctrines affecting the running of limitations, explaining recently that a "defendant who moves for summary judgment based on limitations must conclusively establish the elements of that defense" and "must also conclusively negate application of the discovery rule and any tolling doctrines pleaded as an exception to

1

limitations." *Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019). We answer yes again in this case. If a defendant prefers to place the burden on the plaintiff to raise a fact issue regarding any aspects of limitations on which the plaintiff would have the burden at trial, it is free to file a no-evidence motion for summary judgment as to those matters. Because the defendant in this case filed a traditional motion for summary judgment and did not conclusively negate unsound-mind tolling, we reverse the summary judgment in her favor.

### BACKGROUND

In 2018, respondent Joycie Johnson sued to evict petitioner Rodney Draughon from the house where he was living. The justice of the peace ordered Draughon to vacate, so he appealed the eviction and filed this separate declaratory judgment action seeking to quiet title to the property. The county court at law later consolidated the cases.

Draughon alleged that he owned the property by virtue of intestate succession but that Johnson, his aunt, purported to have an adverse claim to the property. Johnson's claim was based on a 2006 warranty deed that Draughon signed conveying the property to Johnson, which listed the consideration as ten dollars "and other good and valuable consideration, receipt of which is hereby acknowledged." Draughon alleged that he did not have the mental capacity to sign the warranty deed and Johnson was aware of his incapacity, so her claim to the property was invalid.

Johnson answered and pled "the affirmative defense of the four (4) year Statute of Limitations," alleging that the deed had been recorded more than eleven years before Draughon filed suit. She also filed a motion for summary judgment on the ground that Draughon's suit was barred because it had not been brought within four years from the date the deed was signed. She attached the warranty deed to her motion as evidence.

In response, Draughon asserted that Johnson's motion for summary judgment was a no-evidence motion and she failed to allege that Draughon had no evidence to support his claim of lack of mental capacity. Draughon further contended that Johnson had the burden to produce evidence raising a genuine issue of material fact as to his mental capacity to sign a binding warranty deed, which she failed to do.

Draughon also offered his own evidence in support of his claim of lack of mental capacity, which he contended "by law tolls the statute of limitations." He attached to his response an affidavit from a licensed psychological associate, who stated that Draughon has diminished capacity and likely had it before 2006. Draughon also attached five affidavits from laypeople who knew him, observed his diminished capacity, and believed his "Intellectual Disability was obvious prior to 2006."

Johnson replied that her motion for summary judgment based on the four-year statute of limitations was not a no-evidence motion; instead, she had offered evidence establishing that Draughon failed to file suit to set aside the deed within four years of signing it. She also objected to each of Draughon's affidavits, contending that the licensed psychological associate failed to qualify as an expert and the other affidavits were conclusory. After a hearing, the trial court sustained Johnson's objections to the affidavits, struck them, and granted her motion for summary judgment.

Draughon appealed, arguing that the trial court erred in granting summary judgment because Johnson failed to conclusively negate the tolling doctrine after he had raised it.[1] __ S.W.3d __ (Tex. App.—Dallas 2020). The court of appeals affirmed. *Id.* at __. The court held

[1] Draughon also challenged the trial court's order striking his affidavits. The court of appeals upheld the order, holding that the affidavits were conclusory and lacked supporting facts. __ S.W.3d at __. Draughon has not challenged that holding here.

that a claimant seeking to toll limitations based on unsound mind has the burden to produce evidence raising a fact issue regarding mental capacity. *Id.* at __. Therefore, once Johnson conclusively established that Draughon did not file the case within the statute of limitations, the burden was on Draughon to produce evidence of his unsound mind. *Id.* at __. Because the trial court properly struck all of Draughon's evidence, he did not meet his burden. *Id.*

Draughon petitioned this Court for review, asserting that when a traditional motion for summary judgment is based on the statute of limitations and the non-movant asserts that a tolling provision applies, it is the movant's burden to conclusively negate the application of the tolling provision. He argues that the courts of appeals are divided regarding which party has the burden on summary judgment when unsound-mind tolling is claimed and urges this Court to settle the matter. *See, e.g.*, *Rollins v. Pressler*, __ S.W.3d __, 2021 WL 726995, at *4–8 (Tex. App.—Houston [1st Dist.] Feb. 25, 2021, pet. filed) (collecting cases). We granted Draughon's petition for review.

## ANALYSIS

In this Court, Draughon argues that when a defendant moves for traditional summary judgment based on the statute of limitations and the plaintiff asserts that a tolling provision applies, the defendant has the burden to negate conclusively the application of that provision. He contends that tolling provisions should be treated like the discovery rule, which we have held the defendant must negate on summary judgment if raised even though the plaintiff would have the burden of proof on that issue at trial. *See Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex.

4

2018) (per curiam) ("In cases in which the plaintiff pleads the discovery rule, the defendant moving for summary judgment on limitations bears the additional burden of negating the rule.").

Johnson counters that a defendant may conclusively establish its limitations defense by proving when the claim accrued and when suit was filed or served, at which point the burden shifts to the plaintiff to offer evidence of any grounds for extending the time by which suit should have been filed. She urges us to treat tolling provisions like a plaintiff's allegations of fraudulent concealment or equitable estoppel, on which we have held the plaintiff must raise a fact issue to avoid summary judgment. *See Nichols v. Smith*, 507 S.W.2d 518, 521 (Tex. 1974) (holding it was plaintiff's "burden . . . to come forward with proof raising an issue of fact with respect to fraudulent concealment" to "avoid the [limitations] defense").

To evaluate the parties' arguments, we begin by addressing the burden of a defendant moving for traditional summary judgment as compared to no-evidence summary judgment. We then examine our precedent addressing what this burden includes in the context of a defendant's traditional motion for summary judgment on the affirmative defense of limitations. Finally, we apply our precedent to the issue of unsound-mind tolling.

## I. A defendant moving for traditional summary judgment has the burden to conclusively establish its affirmative defense.

A court must grant a "traditional" motion for summary judgment "forthwith if [the summary judgment evidence] show[s] that . . . there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out." TEX. R. CIV. P. 166a(c). This rule is similar to the federal rule, which courts have interpreted to permit "summary judgment, after adequate time for discovery and upon motion, against a party who fails to . . . establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

We have interpreted the Texas rule differently, explaining that "[t]he presumptions and burden of proof for an ordinary or conventional trial are immaterial to the burden that a movant for summary judgment must bear." *Missouri-Kansas-Texas R.R. v. City of Dallas*, 623 S.W.2d 296, 298 (Tex. 1981); *see Chavez v. Kan. City So. Ry. Co.*, 520 S.W.3d 898, 900 (Tex. 2017) (per curiam). Under our traditional rule, courts "never shift the burden of proof to the non-movant unless and until the movant has 'establish[ed] his entitlement to a summary judgment . . . by conclusively proving all essential elements of his cause of action or defense as a matter of law.'" *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex. 1989) (quoting *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979)); *see KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015). "[T]he non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." *Clear Creek Basin Auth.*, 589 S.W.2d at 678; *see Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).

Texas brought its summary judgment practice closer to that of the federal courts by adopting a distinct "no evidence" motion for summary judgment in 1997.[2] Similar to a pre-trial motion for directed verdict, this motion allows a party to seek summary judgment without presenting evidence by asserting, after adequate time for discovery, that no evidence supports one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i). The burden then falls entirely on the adverse party to produce summary judgment evidence raising a genuine issue of material fact. *Id.* Conclusory evidence, for example, is insufficient to meet the non-movant's burden under Rule 166a(i). *See*

---

[2] *See Huckabee v. Time Warner Ent. Co.*, 19 S.W.3d 413, 421 (Tex. 2000). Parties may combine traditional and no-evidence motions in a single hybrid filing and attach evidence so long as they clearly set forth their grounds and otherwise meet the requirements for each motion. *See Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

6

*Elizondo v. Krist*, 415 S.W.3d 259, 264 (Tex. 2013). The no-evidence rule does not, however, modify the standards for granting a traditional motion for summary judgment under Rule 166a(c).

Here, Johnson would have had the burden to establish her affirmative defense of limitations at trial. *See Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988). She filed a motion for summary judgment based on the four-year statute of limitations and attached evidence showing the date the deed was signed. She did not state that there was no evidence of any matter on which Draughon would have the burden of proof at trial, nor had an adequate time for discovery elapsed. As Johnson recognizes, therefore, her motion was solely a traditional one.

"A defendant moving for summary judgment on the affirmative defense of limitations has the burden to conclusively establish that defense." *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017) (quoting *KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999)). We review *de novo* whether Johnson met her burden. *Id.* at 579.

## II. The defendant has the burden regarding any issues raised that affect the running of limitations, while the plaintiff has the burden to raise a fact issue on equitable defenses that defeat limitations even though it has run.

The parties disagree regarding precisely what a defendant moving for traditional summary judgment must prove to establish conclusively that the applicable statute of limitations has expired. Our cases show that matters relevant to limitations generally fall into one of two categories that determine the parties' respective burdens on summary judgment. First, the defendant has the burden regarding any issues raised that affect which days count toward the running of limitations—such as accrual, the discovery rule, and tolling. *E.g.*, *Erikson*, 590 S.W.3d at 563. Second, if the defendant carries that burden and conclusively establishes its defense, the plaintiff can avoid summary judgment by raising a genuine issue of material fact on any equitable defense that its suit should not be barred even though the limitations period has run—such as fraudulent concealment,

7

estoppel, or diligent service.  *E.g.*, *Rincones*, 520 S.W.3d at 593; *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990); *Nichols*, 507 S.W.2d at 521.

### A.        Issues that affect the running of limitations

In defining the first category of issues, on which the defendant has the burden, we begin with the statute establishing the defense.  Many of our Texas statutes of limitations—including the four-year statute on which Johnson relies—provide that "[a] person must bring suit . . . [for the specified cause of action] not later than [the applicable number of] years after the day the cause of action accrues."[3]   Thus, to obtain traditional summary judgment on a limitations defense, the defendant must conclusively prove (1) when the cause of action accrued, and (2) that the plaintiff brought its suit later than the applicable number of years thereafter—i.e., that "the statute of limitations has run."  *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 220 (Tex. 2004); *see Delgado v. Burns*, 656 S.W.2d 428, 429 (Tex. 1983) (per curiam) (noting that moving defendant "assumed the burden of showing as a matter of law that the suit was barred by limitations").

In all cases, "a defendant moving for summary judgment on the affirmative defense of limitations bears the burden of conclusively establishing . . . when the cause of action accrued." *Pasko*, 544 S.W.3d at 833–34.  In addition, a plaintiff may raise an issue regarding which days after this accrual date should count toward showing that the number of years in the limitations period expired before suit was filed.  We have held that issues affecting the limitations calculation also become part of the defendant's traditional summary judgment burden when they are properly raised.

---

[3] *E.g.*, TEX. CIV. PRAC. & REM. CODE §§ 16.002(a), .003(a)–(b), .004(a), .0045(a)–(b), .005(a), .006(a)–(b), .009(d), .024, .025(a), .026(a), .027, .051; TEX. ALCO. BEV. CODE § 102.82.

One such issue is the discovery rule. *See KPMG Peat Marwick*, 988 S.W.2d at 748 ("[T]he defendant must . . . negate the discovery rule, if it applies and has been pleaded or otherwise raised . . . .").[4]  In cases where "the alleged wrongful act and resulting injury were inherently undiscoverable at the time they occurred but may be objectively verified," the discovery rule changes the first day that counts toward the limitations period, deferring accrual "until the plaintiff knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury." *S.V. v. R.V.*, 933 S.W.2d 1, 4, 6 (Tex. 1996).

The plaintiff must first raise the discovery rule, as the defendant "cannot be expected to anticipate" whether the plaintiff will contend it applies. *Woods*, 769 S.W.2d at 518.[5]  At trial, "[t]he [plaintiff] seeking to benefit from the discovery rule must also bear the burden of proving and securing favorable findings thereon" as it will "generally have greater access to the facts necessary to establish that it falls within the rule." *Id.*

But "on motion for summary judgment, the burden is on the defendant to negate the discovery rule." *Id.* at 518 n.2.[6]  As discussed above, the burden does not shift to the plaintiff until the defendant has conclusively established its entitlement to traditional summary judgment, and the burden at trial is immaterial. *Id.*; *see also Rhone-Poulenc*, 997 S.W.2d at 223–24 (rejecting argument that plaintiff opposing traditional summary judgment based on discovery rule bears burden like that plaintiff would face in responding to no-evidence motion).  A defendant moving

---

[4] *See also Pasko*, 544 S.W.3d at 834; *Pustejovsky v. Rapid-Am. Corp.*, 35 S.W.3d 643, 646 (Tex. 2000); *Velsicol Chem. Corp. v. Winograd*, 956 S.W.2d 529, 530 (Tex. 1997) (per curiam); *Weaver v. Witt*, 561 S.W.2d 792, 793–94 (Tex. 1977) ("To be entitled to summary judgment, the burden is on the movant, defendant here, to negate the pleading of the discovery rule by proving as a matter of law that there is no genuine issue of fact concerning the time when the plaintiff discovered or should have discovered the nature of the injury.").

[5] *See also Via Net v. TIG Ins. Co.*, 211 S.W.3d 310, 313 (Tex. 2006) (per curiam); *In re Estate of Matejek*, 960 S.W.2d 650, 651 (Tex. 1997) (per curiam).

[6] The plaintiff need not offer evidence regarding discovery to put the defendant to this burden.  Under our notice-pleading standard, a plaintiff is not required to "set out in his pleadings the evidence upon which he relies." *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494–95 (Tex. 1988).

for traditional summary judgment may negate the discovery rule "by either conclusively establishing that (1) the discovery rule does not apply, or (2) if the rule applies, the summary judgment evidence negates it." *Pasko*, 544 S.W.3d at 834.

Of particular relevance here, we have concluded that the burden is the same for tolling doctrines raised by the plaintiff: "[a] defendant who moves for summary judgment based on limitations must . . . conclusively negate application of . . . any tolling doctrines pleaded as an exception to limitations." *Erikson*, 590 S.W.3d at 563 (holding that defendant moving for traditional summary judgment on legal malpractice claim had burden to negate common-law *Hughes* tolling during pendency of underlying case);[7] *see, e.g.*, *Diaz v. Westphal*, 941 S.W.2d 96, 97–98 (Tex. 1997) ("A defendant who moves for summary judgment based on limitations must establish the defense as a matter of law. To satisfy this burden, the defendant must conclusively negate any relevant tolling doctrines the plaintiff asserted in the trial court." (internal citations omitted)); *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996) ("If the nonmovant asserts that a tolling provision applies, the movant must conclusively negate the tolling provision's application to show his entitlement to summary judgment."). Texas commentators agree.[8]

---

[7] Our dissenting colleagues contend that *Erikson* is distinguishable because *Hughes* tolling is not really tolling; rather, like the discovery rule, it defers accrual until the conclusion of the underlying lawsuit in which the alleged legal malpractice occurred. *Post* at __. That is not correct. As we said in *Erikson*, a legal injury occurs "when faulty professional advice is taken," and a legal malpractice claim accrues either then or, under the discovery rule, when "the client discovers, or should discover, the wrongful act and injury." 590 S.W.3d at 563. But the plaintiff's suit in *Erikson* was untimely under both the legal-injury rule and the discovery rule, so we had to decide whether *Hughes* tolled the statute "until all appeals on the underlying claim [were] exhausted." *Id.*

[8] *See, e.g.*, 5 WILLIAM V. DORSANEO III, TEXAS LITIGATION GUIDE § 72.09 (2021) ("the movant has the burden on all issues, including, if necessary, negating the applicability of tolling provisions or the discovery rule"); 6 ROY MCDONALD & ELAINE A. CARLSON, TEXAS CIVIL PRACTICE: APPELLATE PRACTICE § 28:22 (2d ed.) (updated Dec. 2020) ("the burden is on the defendant who is seeking summary judgment to prove as a matter of law that the statute of limitations was not tolled"); David Hittner & Lynne Liberato, *Summary Judgments in Texas: State and Federal Practice*, 60 S. TEX. L. REV. 1, 100 (2019) ("the burden is on the movant to negate the applicability of the tolling statute"); TIMOTHY PATTON, SUMMARY JUDGMENTS IN TEXAS § 9.04[2] (3d ed. 2003) ("[O]nce the non-movant 'interposes' a statute that tolls or suspends the running of limitations, the limitations defense is not conclusively established until the movant meets his burden of negating the applicability of the statute.").

We discussed the reasons for this placement of the burden in two cases. In *Oram v. General American Oil Co. of Texas*, the court of appeals had affirmed summary judgment for the defendant based on limitations, reasoning that the plaintiff failed to establish the applicability of a statute tolling limitations during the pendency of a prior suit dismissed for lack of jurisdiction (now section 16.064 of the Civil Practice and Remedies Code). 513 S.W.2d 533, 534 (Tex. 1974) (per curiam). We reversed based on the traditional summary judgment standard, observing that "the non-movant has no burden in response to a summary judgment motion unless the movant has conclusively established his defense." *Id.* As we explained,

> [t]he defense of the movants in this case was the bar of limitations. This bar was not established conclusively since the contention was being made that under [the statute] limitations ceased to run . . . . It would be a different matter if the movant had established the limitations defense and the non-movant had then sought to interpose an estoppel to avoid movant's limitations defense. The non-movant would then be required to raise a fact issue with respect to the estoppel.

*Id.*

The following year, in *Zale Corp. v. Rosenbaum*, we applied the same rule to a statute tolling limitations during the defendant's absence from the state (now section 16.063 of the Civil Practice and Remedies Code). 520 S.W.2d 889, 891 (Tex. 1975) (per curiam).[9] Again, the court of appeals had affirmed summary judgment for the defendant based on limitations, holding that the plaintiff had the burden of proof on the suspension statute and had not shown that the defendants were present in Texas for less than the limitations period. *Id*.

We reversed because the court of appeals misplaced the burden. *Id.* "When summary judgment is sought on the basis that limitations have expired, it is the movant's burden to conclusively establish the bar of limitations. Where the non-movant interposes a suspension

---

[9] The plaintiff in *Zale* also sought to defeat the limitations defense on a second, independent theory: that it had exercised diligence in procuring issuance and service of citation. 520 S.W.2d at 890. We discuss that theory below.

statute, . . . the limitation defense is not conclusively established until the movant meets his burden of negating [its] applicability . . . ." *Id.* We also reiterated *Oram*'s

> distinction between pleas by the non-movant which challenge the existence of limitations, such as [the tolling statute], and those which do not challenge the limitations defense, but are affirmative defenses in the nature of confession and avoidance. In the latter instance, the non-movant does have the burden of raising a fact issue with respect to [the movant's] affirmative defense. *Nichols v. Smith*, 507 S.W.2d 518 (Tex. 1974) [fraudulent concealment]; *'Moore' Burger, Inc. v. Phillips Petroleum Co.*, 492 S.W.2d 934 (Tex. 1973) [estoppel].

*Id.*[10]

We have identified only one variation regarding the defendant's burden to negate tolling. The statute tolling limitations during the pendency of a prior suit—which *Oram* held a defendant must negate if raised—has a statutory exception that eliminates tolling if the plaintiff filed that suit "with intentional disregard of proper jurisdiction." TEX. CIV. PRAC. & REM. CODE § 16.064(b). In *In re United Services Automobile Ass'n*, the defendant moving for summary judgment on limitations argued it had "met its burden [on this exception] through circumstantial evidence of [the plaintiff's] intent." 307 S.W.3d 299, 312 (Tex. 2010). We agreed, explaining that once the defendant had "moved for relief under the 'intentional disregard' provision, the nonmovant must show that he did not intentionally disregard proper jurisdiction when filing the case." *Id.* But we left undisturbed the holdings discussed above regarding the defendant's overall burden to negate tolling in cases not involving the statutory exception for intentional disregard.

In sum, a plaintiff's assertion that the statute of limitations was tolled falls within the category of issues affecting the running of limitations on which the moving defendant bears the

---

[10] *See also* 6 MCDONALD & CARLSON, TEXAS CIVIL PRACTICE § 28:22 ("A special rule applies where the defendant seeks summary judgment based on the statute of limitations and the nonmoving party raises the tolling of the statute. In such a situation, the burden is on the defendant who is seeking summary judgment to prove as a matter of law that the statute of limitations was not tolled. Where the effort to escape the statute of limitations is in the nature of avoidance (*e.g.*, estoppel), the nonmovant has the burden of raising a fact issue with respect to the avoidance to defeat summary judgment.").

burden. To obtain traditional summary judgment on the ground that the limitations period expired before the plaintiff brought suit, the defendant must conclusively negate any tolling doctrines asserted. We address the application of this principle to unsound-mind tolling specifically in Part III below.

**B.** **Equitable defenses that defeat limitations even though it has run**

As *Oram* and *Zale* indicate, there is a second category of defensive issues that can overcome the statute of limitations even if the defendant conclusively proves that it has run. On these issues, which do not challenge any of the elements of the limitations defense but offer independent reasons for avoiding dismissal, the non-moving plaintiff has the burden to raise a genuine issue of material fact to avoid summary judgment. This approach is consistent with our traditional summary judgment practice, which requires the defendant to prove conclusively only the grounds presented by its motion. *See Clear Creek Basin Auth.*, 589 S.W.2d at 678. If the non-moving plaintiff wishes to go beyond "attack[ing] . . . the legal sufficiency of the [defendant's] grounds" and "present to the trial court any reasons seeking to *avoid* movant's entitlement, such as those set out in [Rules of Civil Procedure] 93 and 94, . . . [the plaintiff] must present summary judgment proof when necessary to establish a fact issue." *Id.*; *see KPMG Peat Marwick*, 988 S.W.2d at 748 (applying this standard in limitations context).

Many of the defensive issues that avoid limitations even though it has run are equitable in nature and appear in Rules 93 and 94.[11] One such matter set out in Rule 94 is fraud; we have

---

[11] Our dissenting colleagues wonder whether misidentification of a defendant would fall within this category of independent reasons to avoid limitations or the previous category of issues affecting the running of limitations. *Post* at __. The narrow doctrine allowing misidentification to defeat limitations involves a defect of parties. *See* TEX. R. CIV. P. 93(4); *Enserch Corp. v. Parker*, 794 S.W.2d 2, 4–5 (Tex. 1990). It is also equitable in nature, applying if the correct party had notice of the suit and was not misled or disadvantaged by the mistake. *See In re Greater Hous. Orthopaedic Specialists, Inc.*, 295 S.W.3d 323, 325 n.1 (Tex. 2009) (per curiam). Accordingly, it belongs in this category.

recognized that fraudulent concealment—"which is based upon the doctrine of equitable estoppel"—can "estop[] a defendant from relying on the statute of limitations as an affirmative defense to plaintiff's claim." *Borderlon v. Peck*, 661 S.W.2d 907, 908 (Tex. 1983).[12] When "the defense of the statute of limitations is established by the record as a matter of law, and [plaintiffs] are relying on fraudulent concealment to avoid that defense," it is "their burden . . . to come forward with proof raising an issue of fact with respect to fraudulent concealment . . . [to] defeat [defendant's] right to a summary judgment." *Nichols*, 507 S.W.2d at 521; *see Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994) (explaining that fraudulent concealment is "in the nature of an affirmative defense to [defendant's] limitations claim" and therefore plaintiff must raise fact question on each element).[13]

Another matter listed in Rule 94 that a plaintiff can assert as a defense to limitations is estoppel. "[E]ven when [limitations is] conclusively established, a plaintiff may invoke equitable estoppel as an affirmative defense in avoidance of a defendant's limitations defense. In that situation, the non-moving plaintiff . . . must present summary-judgment evidence raising a fact issue on each element" of his estoppel defense. *Rincones*, 520 S.W.3d at 593 (citations omitted); *see also Oram*, 513 S.W.2d at 534.[14]

---

[12] Another equitable doctrine that is rooted in fraud and raises issues similar to those listed in Rules 93 and 94 is that a "suit against a corporation tolls limitations as to the alter ego of the corporation." *Matthews Constr. Co. v. Rosen*, 796 S.W.2d 692, 693 (Tex. 1990) (citing *Gentry v. Credit Plan Corp.*, 528 S.W.2d 571 (Tex. 1975)). This doctrine is "based on the same equitable considerations that allow for piercing the corporate veil," *id.*, and its purpose is "to prevent use of the corporate entity as a cloak for fraud or illegality or to work an injustice." *Gentry*, 528 S.W.2d at 575.

[13] *See also ExxonMobil Corp. v. Lazy R Ranch*, 511 S.W.3d 538, 544 (Tex. 2017); *Shah v. Moss*, 67 S.W.3d 836, 841 (Tex. 2001); *Earle v. Ratliff*, 998 S.W.2d 882, 888 (Tex. 1999) (discussing evidence of fraudulent concealment that could raise fact issue to avoid summary judgment on limitations); *KPMG Peat Marwick*, 988 S.W.2d at 749–50; *S.V.*, 933 S.W.2d at 4 (distinguishing fraudulent concealment from the discovery rule).

[14] Although we have also recognized the discovery rule's equitable underpinnings and described it at times as a plea in confession and avoidance, *see Woods*, 769 S.W.2d at 517, we have explained more recently that the discovery rule attacks a key element of the defendant's limitations defense: when the cause of action accrued. *E.g.*, *Pasko*, 544 S.W.3d at 833–34; *KPMG Peat Marwick*, 988 S.W.2d at 748; *Murphy*, 964 S.W.2d at 270–71. Thus, as

Outside of Rule 94, we have recognized that "diligence in procuring service" on the defendant "after the limitations period expired" can provide a basis for avoiding a limitations defense. *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009); *Rigo Mfg. Co. v. Thomas*, 458 S.W.2d 180, 182 (Tex. 1970).[15] "Mere filing of suit . . . will not interrupt the running of limitations unless due diligence is exercised in the issuance and service of citation." *Murray*, 800 S.W.2d at 830. "[W]hen failure to timely serve the defendant has been shown," the defendant moving for summary judgment has carried its burden to prove conclusively that limitations expired, and "the burden shifts to the plaintiff . . . to explain the delay." *Id.* The plaintiff may avoid summary judgment on limitations if its "explanation for the delay raises a material fact issue concerning the diligence of service efforts." *Proulx v. Wells*, 235 S.W.3d 213, 216 (Tex. 2007) (per curiam).

In each of these situations, the plaintiff contends that dismissal is improper for a reason independent of the defendant's conclusive showing that the limitations period expired. To avoid summary judgment, the plaintiff must offer evidence creating a fact issue regarding that reason.

## III. The defendant has the burden to conclusively negate a claim of unsound-mind tolling.

We next apply these principles to the statutory tolling doctrine Draughon has raised here. In his petition, Draughon alleged that he "did not have the mental capacity to legally sign the warranty deed . . . and [Johnson] knew of his incapacity." Then, in response to Johnson's traditional motion for summary judgment based on limitations, Draughon raised the issue of his mental incapacity and asserted that section 16.001 of the Civil Practice and Remedies Code tolled the limitations period.

---

explained in Part II.A. above, the discovery rule falls into the first category of issues that affect the running of limitations, and a defendant seeking traditional summary judgment has the burden to negate the rule in order to prove its defense conclusively.

[15] The question of diligent service is distinct from tolling: after rejecting the application of a tolling statute in *Ashley* and concluding that the limitations period expired before the defendant was served, we examined whether the plaintiff had raised a fact issue on diligent service. 293 S.W.3d at 179.

Section 16.001 provides that "[i]f a person entitled to bring a personal action is under a legal disability"—defined as under 18 years old or "of unsound mind"— "when the cause of action accrues, the time of the disability is not included in a limitations period." TEX. CIV. PRAC. & REM. CODE § 16.001(a), (b). The disability must exist when the limitations period starts. *Id.* § 16.001(d).

This tolling statute and its predecessors are as old as Texas.[16] And we have recognized that tolling serves the constitutional goal of ensuring that the statute of limitations does not unreasonably deny those with mental disabilities access to our courts. *See* TEX. CONST. art. I, § 13; *Tinkle v. Henderson*, 730 S.W.2d 163, 166–67 (Tex. App.—Tyler 1987, writ ref'd) (holding limitations statute without tolling provision for mental incompetence unconstitutional). Not only are people of unsound mind "less likely than [minors] to have someone intimately interested in their welfare and inclined to act in their behalf," *id.*, they may be less able "to participate in, control, or even understand the progression and disposition of their lawsuit." *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755 (Tex. 1993).

Before Texas adopted a rule authorizing summary judgment, we explained in a case addressing unsound-mind tolling that "[t]he law presumes every party to a legal contract to have had sufficient mental capacity to understand his legal rights." *Swink v. City of Dallas*, 36 S.W.2d 222, 224 (Tex. Comm'n App. 1931, holding approved). "[T]o overcome this legal presumption" and "submit an issue to the jury," the "burden of proof rests upon the party asserting [incapacity] to . . . present an issue of fact" in its favor. *Id.*[17] Because the plaintiff had presented a fact issue

---

[16] *See* An Act of Limitations 5th Cong., R.S. Sec. 11 (Feb. 5, 1841), 1841 Repub. Tex. Laws 163, 166, *reprinted in* 2 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897, at 627. 630 (Austin Gammel Book Co. 1898); TEX. REV. CIV. STAT. ANN. art. 3201 (1879).

[17] If the plaintiff did so, we explained that the defendant would have the burden at trial to establish its limitations defense on the subject of incapacity by a preponderance of the evidence. *Swink*, 36 S.W.2d at 224.

regarding her incapacity, we held that the trial court erred in directing a verdict for the defendant. *Id.* at 226.

But as explained in Part I above, the presumptions and burden of proof at trial are immaterial in determining the movant's burden on traditional summary judgment. *Missouri-Kansas-Texas R.R.*, 623 S.W.2d at 298. We recently reiterated that "a summary judgment movant may not use a presumption to shift to the non-movant the burden of raising a fact issue." *Chavez*, 520 S.W.3d at 900.[18]

Instead, unsound-mind tolling falls within the general rule discussed in Part II.A. that "[w]here the non-movant interposes a suspension statute, . . . the limitation defense is not conclusively established until the movant meets his burden of negating [its] applicability." *Zale Corp.*, 520 S.W.2d at 891; *see Erikson*, 590 S.W.3d at 563; *Diaz*, 941 S.W.2d at 97–98; *Jennings*, 917 S.W.2d at 793; *Oram*, 513 S.W.2d at 534. Unlike fraudulent concealment, equitable estoppel, and diligent service, which offer independent grounds for avoiding dismissal even if the limitations period has expired, invoking the unsound-mind tolling statute challenges whether the defendant has conclusively proven that the period in fact expired.[19]

Johnson urges us to place the burden on the defendant to disprove the discovery rule but on the plaintiff to raise a fact issue regarding tolling. Not only is such a distinction contrary to our precedent discussed in Part II.A., but we also see no compelling reason why it should be drawn. For example, the unsound-mind tolling statute effectively operates to delay accrual of a claim,

---

[18] We do not "[i]gnor[e] the legal presumption of sound mind," as the dissent contends. *Post* at __. Rather, we explain why our precedent dictates that the presumption is inapplicable in deciding a traditional motion for summary judgment.

[19] *See* PATTON, SUMMARY JUDGMENTS IN TEXAS § 9.04[2] ("Since the non-movant is challenging the very existence of the limitations defense by raising a suspension statute, in contrast to a plea which does not challenge the defense but is in the nature of confession and avoidance, the non-movant does not have the burden to produce proof raising a fact issue on the applicability of the statute.")

perhaps indefinitely: it operates only if the plaintiff is under a disability when the "limitations period starts" and provides that "the time of the disability is not included in [the] period." TEX. CIV. PRAC. & REM. CODE § 16.001(b), (d). It also makes practical sense to treat unsoundness of mind like the discovery rule: if you are of unsound mind, it will be more difficult for you to discover your injury. Plaintiffs with mental disabilities are certainly not less deserving of access to court than plaintiffs who invoke the discovery rule.

Furthermore, a defendant must conclusively prove that limitations has *run* to be entitled to summary judgment, and both the discovery rule and tolling doctrines challenge whether it has done so. Thus, there is no reason to treat them differently in deciding which party has the burden on summary judgment. We decline Johnson's invitation to overrule *Erikson*, *Diaz*, *Jennings*, *Zale*, and *Oram*—and to create an exception to our standards for traditional summary judgment—in order to shift the burden of proof on tolling to the non-moving plaintiff.

Our dissenting colleagues contend that the "mere *assertion*" of a tolling doctrine by the plaintiff "does not raise a fact issue that overcomes the [defendant's] evidence otherwise establishing that limitations has run," and that evidence supporting tolling is necessary to defeat summary judgment. *Post* at __. This contention focuses on the wrong step of the traditional summary judgment analysis. A plaintiff responding to a traditional motion for summary judgment has no burden to produce evidence raising a fact issue unless the defendant first conclusively establishes its defense. *See* Part I, *supra*. And as our cases explain, a defendant does not conclusively establish its limitations defense until it negates any tolling doctrines asserted. *See* Part II.A., *supra*; *Zale*, 520 S.W.2d at 891; *Oram*, 513 S.W.2d at 534. Thus, it is not the plaintiff's initial burden to offer evidence raising a fact issue regarding an asserted tolling doctrine; rather, asserting such a doctrine helps define the defendant's burden at the first step of the analysis.

18

The dissent also advocates a special rule that would apply only to unsound-mind tolling, arguing that we should shift the summary judgment burden to the plaintiff based on the legal presumption of sound mind. *Post* at __. But our precedents offer no sound basis for drawing such a distinction: the rationale of *Erikson* and our other cases applies equally to all tolling doctrines, and we have held repeatedly that presumptions at trial are immaterial in determining the movant's burden on traditional summary judgment. *See* Parts I & II.A., *supra*. Chipping away at doctrinal consistency in this manner will only sow confusion. "[I]n the area of limitations, bright-line rules generally represent the better approach and help ensure predictability and consistency in the jurisprudence." *Erikson*, 590 S.W.3d at 566 (internal quotation marks omitted).

The dissent's final reason for shifting the burden to the plaintiff to raise a fact issue on unsound-mind tolling is that a "party asserting a legal disability based on unsound mind is the party with the best access to the information to prove it." *Post* at __. Of course, the same is true of the discovery rule: the plaintiff "will generally have greater access to the facts necessary to establish that it falls within the rule," and that is why it has the burden to prove the rule at trial. *Woods*, 769 S.W.2d at 518. But better access to information does not alter the burden on traditional summary judgment, as we recognized in *Woods*. *Id.* at 518 n.2. It is unclear why unsound-mind tolling should be treated differently.

Our dissenting colleagues' proposed rule would also be difficult for courts to apply consistently. For example, which party can get the best information regarding how long a prior suit was pending for purposes of statutory tolling under section 16.064, or when all appeals were exhausted for purposes of *Hughes* tolling?

More fundamentally, however, there is no reason to demolish a wing of our precedent on limitations and traditional summary judgment and thereby destabilize the remaining structure just

19

to align the burden with greater access to information. That is exactly why we have a no-evidence motion for summary judgment. If a plaintiff invokes the discovery rule or a tolling doctrine that it would have the burden to prove at trial, the defendant urging limitations is free to file a hybrid motion for summary judgment that asserts a no-evidence ground as to that element, thus requiring the plaintiff to come forward with evidence raising a genuine issue of material fact.[20]

For all these reasons, we adhere to our standards for traditional summary judgments and our precedent that a defendant seeking summary judgment on limitations has the burden regarding any tolling doctrines asserted.

## CONCLUSION

In this case, Johnson moved for traditional summary judgment on limitations and Draughon raised the unsound-mind tolling statute. Johnson therefore had the burden to "conclusively negate" Draughon's assertion of mental incapacity. *Erikson*, 590 S.W.3d at 563. Because Johnson offered no evidence regarding Draughon's soundness of mind, she failed to carry her burden, and the court of appeals erred in affirming the trial court's order granting her summary judgment. We therefore reverse the court of appeals' judgment and remand the case to the trial court for further proceedings.

---

[20] TEX. R. CIV. P. 166a(i); *see, e.g.*, *Haas v. George*, 71 S.W.3d 904, 911–13 (Tex. App.—Texarkana 2002, no pet.); *In re Estate of Fawcett*, 55 S.W.3d 214, 221–22 (Tex. App.—Eastland 2001, pet. denied); Hittner & Liberato, 60 S. TEX. L. REV. at 154; PATTON, SUMMARY JUDGMENTS IN TEXAS § 9.04[1] (explaining that hybrid motion on limitations may consist of two parts: one conclusively establishing with evidence that plaintiff filed suit after expiration of the applicable statute of limitations, and another stating there is no evidence regarding matters raised in response to limitations on which plaintiff would have the burden of proof at trial). Similarly, some defendants employ this hybrid approach when faced with employment discrimination claims that employ a burden-shifting framework, moving for no-evidence summary judgment on the elements for which the plaintiff has the burden. *See Kaplan v. City of Sugar Land*, 525 S.W.3d 297, 303 (Tex. App.—Houston [14th Dist.] 2017, no pet.).

_____
J. Brett Busby
Justice

Opinion delivered: June 11, 2021