**Marguerite L. ORAM, Petitioner,**

v.

**GENERAL AMERICAN OIL COMPANY OF TEXAS et al., Respondents.**

No. B–4448.

Supreme Court of Texas.

July 17, 1974.

Rehearing Denied Oct. 2, 1974.

Jerry Bolin, McKinney, Haight & Dewees, Earl J. Wentworth, San Antonio, for petitioner.

Thompson, Knight, Simmons & Bullion, George C. Chapman and Walter H. Mizel, Saner, Jack, Sallinger & Nichols, H. Louis Nichols, Lawrence W. Vance, James R. Kinzer, Dallas, for respondents.

PER CURIAM.

Petitioner brought a bill of review attacking orders entered in 1952 by the Probate Court of Dallas County. That Probate Court and, after appeal, the District Court entered summary judgment denying all relief to petitioner. The Court of Civil Appeals affirmed. 503 S.W.2d 607.

The basis of the affirmance of the summary judgment by the Court of Civil Appeals is the pleading of the statute of limitations by the defendants (respondents) and the conclusive proof that more than four years [1] elapsed between the date when petitioner was competent to bring this action (December 3, 1953) and the filing of this suit in the Probate Court on May 9, 1958. However, the petitioner filed an affidavit in response to the motion for summary judgment in which she stated that this same action was first filed in the 14th Judicial District Court of Dallas County on August 29, 1956, which action was then dismissed on March 10, 1958 because it constituted a direct attack upon the orders of the Probate Court, and that the present suit was properly filed within 60 days thereafter in the Probate Court. A copy of the March 10, 1958 judgment of dismissal of the District Court was attached to petitioner's affidavit. If these statements are accurate, limitations did not run against petitioner after August 29, 1956. Article 5539a, Vernon's Ann.Civ.St. That would mean that the suit was not barred by limitations.

---

1. The general limitation statute of four years is applicable in this case under the authority of Parmley v. Parmley, 149 S.W.2d 647 (Tex.Civ.App.1941, writ ref'd). The period is now two years by provision of V.A.T.S. Probate Code, Sec. 31.

It has been held below that petitioner had the burden of establishing the applicability of Article 5539a and that she failed to show that the first action was dismissed for lack of jurisdiction since the judgment does not expressly state this to be the cause for dismissal. The holdings and opinions of the Supreme Court are to the contrary with respect to the burden of petitioner. The non-movant has no burden in response to a summary judgment motion unless the movant has conclusively established his defense. Swilley v. Hughes, 488 S.W.2d 64 (Tex.1972); Torres v. Western Cas. and Sur. Co., 457 S.W.2d 50 (Tex. 1970). The defense of the movants in this case was the bar of limitations. This bar was not established conclusively since the contention was being made that under Article 5539a limitations ceased to run on August 29, 1956. It would be a different matter if the movant had established the limitations defense and the non-movant had then sought to interpose an estoppel to avoid movant's limitations defense. The non-movant would then be required to raise a fact issue with respect to the estoppel. Nichols v. Smith, 507 S.W.2d 518 (Tex.1974); "Moore" Burger, Inc. v. Phillips Petroleum Co., 492 S.W.2d 934 (Tex. 1973).

The summary judgment was clearly correct, however, because the pleading of the plaintiff and the proof established that the plaintiff has ratified and affirmed the acts of the guardian and the orders of the Probate Court which this suit attacks. The objective of the suit is to set aside a 99 year lease of ten acres of land which was entered into on behalf of plaintiff (petitioner) Marguerite L. Oram by Alma L. Smith as guardian of her person and estate

during plaintiff's mental incapacity. Beginning in 1953 when it was decreed that Mrs. Oram had been restored to sound mind and when the probate proceeding was closed with an order approving the final accounting of the guardian, General American Oil Company has paid to Mrs. Oram $1250 each month as rental under the terms of the lease. She has accepted these monthly payments and has on some occasions directed that portions of the rental should be paid to her attorneys or creditors. She has been fully aware of the terms of the lease and by continuing to accept the benefits of performance thereunder by the lessee, she has ratified and affirmed the lease as her own act.

It is true that Mrs. Oram has written to the lessee objecting to the lease, and in her petition she states that she did not intend to ratify the lease by her acceptance of the rental payments. Whatever her mental reservations have been, her acceptance of the payments are inconsistent with the intention to avoid the lease. These acts have recognized the lease as subsisting and binding. The effect is to waive or abandon any right of rescission or of attack upon the initial invalidity, if any, of the lease. Rosenbaum v. Texas Bldg. & Mortg. Co., 140 Tex. 325, 167 S.W.2d 506 (1943); Powell v. Rockow, 127 Tex. 209, 92 S.W.2d 437 (1936); Webb Materials, Inc. v. Lacey, 364 S.W.2d 473 (Tex.Civ.App.1963, writ ref'd n. r. e.).

The motions for rehearing filed by all respondents are granted. The former judgment is set aside. The opinion of May 29, 1974 is withdrawn. The application for writ of error of Marguerite L. Oram is refused, no reversible error.