COSDEN OIL & CHEMICAL COMPANY, Appellant,

v.

INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL NO. 826, Appellee.

No. 5345.

Court of Civil Appeals of Texas, Eastland.

Aug. 2, 1979.

Rehearing Denied Aug. 30, 1979.

Thomas E. Kurth, Durwood Crawford, Charles L. Perry, Seay, Gwinn, Crawford, Mebus & Blakeney, Dallas, for appellant.

James R. Edwards, Lubbock, for appellee.

RALEIGH BROWN, Justice.

This is a summary judgment case. International Union of Operating Engineers, Local No. 826, sued Cosden Oil & Chemical Company, a wholly owned subdivision of American Petrofina Incorporated, seeking performance of a collective bargaining agreement entered into between the parties. Cosden's motion for summary judgment and motion to dismiss were denied. Union's motion for summary judgment was granted. Cosden appeals. We affirm.

The following facts were stipulated to between the parties: Cosden and Union entered into a collective bargaining agreement covering certain of Cosden's employees at its plant in Big Spring, Texas. Article VIII of the agreement provides in part:

SETTLEMENT OF DISPUTES AND GRIEVANCES

1. An employee has a grievance when such employee suffers a mental, physical, or financial loss or hazard as a result of the COMPANY'S violation of this Agreement.

2. An individual employee or employees shall either in person or through their Steward, within five (5) days of such employee's or employees' knowledge of the occurance of the event complained of, first seek adjustment through their immediate foreman who shall within three (3) days provide an answer in writing to the compelling party.

3. Failing to reach a satisfactory understanding or adjustment through the immediate foreman, the aggrieved employee shall within five (5) days after receipt of such foreman's written answer present the case in writing to the Industrial Relations Department of the COMPANY and the Grievance Committee for settlement.

4. Should the Industrial Relations Department and the Grievance Committee fail to settle the grievance, the Industrial Relations Department shall notify the UNION fifteen (15) days after the meeting, in writing, of such fact; and within thirty (30) days after receipt thereof the case may be referred to arbitration by a committee consisting of three (3) members, one (1) to be appointed by the COMPANY, one (1) to be appointed by the Union, and the third (3rd) selected by the first two (2). If the two (2) members selected by the COMPANY and the UNION are unable to agree upon the third (3rd) member within seven (7) days after appointment, the COMPANY and the UNION shall jointly request in writing that the Director of Federal Mediation and Conciliation Service designate a panel of five (5) from which the parties will select the third (3rd) arbitrator.

5. The time period provided above shall exclude all leaves of absence, holidays, vacations, and regularly scheduled days off.

6. A majority decision of the Arbitration Committee shall be final and binding upon all parties. In such cases the COMPANY and the UNION shall furnish the Arbitration Committee all information in their possession necessary to a full understanding of the subject matter of the grievance. Each party shall pay the expenses of its own selected members, and the parties shall each pay one-half (½) of the expenses of the third (3rd) member.

7. The Business Representative of Local No. 826 shall be permitted access to any of the operations represented by Local 826 for the purpose of investigating any dispute arising between the COMPANY and the UNION. There shall be no interruption of work by the UNION representatives unless the FOREMAN in charge shall have previously granted permission.

Cosden discharged employee Marshall Day and his discharge was made the subject of Grievance No. 78–37 filed by the Union. The discharge of an employee was recognized as a proper subject of the grievance and arbitration procedures provided for in the agreement.

The parties jointly requested a panel of arbitrators from the Federal Mediation and Conciliation Service. Upon receipt and review of the panel of arbitrators furnished, Cosden notified the Union that the panel was totally unacceptable and indicated it was requesting a second panel of arbitrators. Cosden notified the Union, upon receipt of a second panel, that it was prepared to select an arbitrator from such panel. Union refused to make its selection of an arbitrator from the second panel and filed Grievance No. 78–45 whose subject was "the refusal of Cosden Oil to select an arbitrator from the first panel," which grievance, as stipulated between the parties, "Cosden Oil has accepted, with the grievance being processed per the usual procedures provided for under the Collective Bargaining Agreement."

The parties specifically stipulate:

15. That on or about November 22, 1978, the Operating Engineers advised Cosden Oil of its wishes to proceed to arbitration on Grievance No. 78–45, and in such correspondence, further named its Union arbitrator and requested advice from Cosden Oil as to the name of the Company arbitrator; a true and correct copy of that correspondence from the Op-

erating Engineers being admitted into evidence without objection as Defendant's Exhibit 3.

16. That, by correspondence dated November 29, 1978, Cosden Oil advised the Operating Engineers of its receipt of the correspondence marked as Defendant's Exhibit 2 from the Operating Engineers, and further, Cosden Oil advised that Mr. Barnwell would serve as the Company's arbitrator on Grievance No. 78–45; a true and correct copy of such correspondence being marked as Defendant's Exhibit 3 and admitted into evidence without objection.

17. That, by correspondence dated December 8, 1978, the Operating Engineers forwarded to Cosden Oil, by cover letter, the request of the Operating Engineers to FMCS for a panel of arbitrators for Grievance No. 78–45, which "Request for Arbitration Panel" was duly signed by Mr. Barnwell for Cosden Oil and Mr. Howell for the Operating Engineers. A true and correct copy of the correspondence from the Union dated December 8, 1978, being marked for identification as Defendant's Exhibit 4, and admitted without objection. A true and correct copy of the "Request for Arbitration Panel" for Grievance No. 78–45 being marked for identification as Defendant's Exhibit 5, and admitted into evidence without objection.

The subject matter of the Union petition in the instant cause is identical to the subject matter of Grievance No. 78–45 being, "Whether or not Cosden Oil was entitled to refuse to select on arbitrator from the first panel submitted for the arbitration of Grievance of No. 78–37 (the discharge of Marshall Day)."

The thrust of Cosden's appeal is that the trial court has erroneously assumed the role of arbitrator in deciding who shall prevail on the merits of the arbitration in Grievance No. 78–45. We disagree.

In support of its position Cosden cites cases which provide:

"The question of interpretation of the collective bargaining agreement is a question for the arbitrator. It is the arbitrator's construction which is bargained for; and so far as the arbitrator's decision concerns construction of the contract, the courts have no business overruling him because their interpretation of the contract is different from his." *Enterprise Wheel & Car Corp.,* 363 U.S., 593 at 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424, 46 LRRM, at 2426. . . .

In short, in labor cases to compel arbitration, there are only two issues before the Court: (1) whether an agreement to arbitrate exists; and (2) whether the particular dispute in question is susceptible to arbitration under the agreement. *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 583 n.7 & 585, 80 S.Ct. 1347, 4 L.Ed.2d 1409, 46 LRRM 2416, 2420 (1960); *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 241, 82 S.Ct. 1318, 8 L.Ed.2d 462, 50 LRRM 2433 (1962). As pointed out above, if there are any doubts as to the susceptibility of the dispute to arbitration, these doubts are to be resolved in favor of arbitration. *Warrior & Gulf,* supra, 363 U.S. at 582–583, 80 S.Ct. 1347, 46 LRRM at 2419–2420.

The court in *United Steelworkers v. American Mfg. Co.,* 363 U.S. 564, 567, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960), stated:

The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator. It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract. Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator.

Justice Brennan in *United Steelworkers* said:

To be sure, since arbitration is a creature of contract, a court must always inquire, when a party seeks to invoke its aid to force a reluctant party to the arbitration table, whether the parties have agreed to arbitrate the particular dispute.

In this sense, the question of whether a dispute is "arbitrable" is escapably for the court.

In the instant case, the agreement entered into between the parties provides for arbitration solely with regard to labor disputes. The present dispute between the parties is not a labor dispute.

Appropriate summary judgment rules support the ruling of the trial court. *Gibbs v. General Motors Corporation,* 450 S.W.2d 827 (Tex.1970); *Great American Reserve Insurance Company v. San Antonio Plumbing Supply Company,* 391 S.W.2d 41 (Tex. 1965); and *Oram v. General American Oil Company of Texas,* 513 S.W.2d 533 (Tex. 1974)

We have considered and overrule all points of error.

The judgment is affirmed.