IN THE SUPREME COURT OF TEXAS









IN THE SUPREME COURT OF TEXAS

 

════════════

No. 07-0665

════════════

 

In re Morgan Stanley &
Co., Inc.,

Successor To Morgan Stanley DW,
Inc., Relator

 

 

════════════════════════════════════════════════════

On Petition for Writ of Mandamus

════════════════════════════════════════════════════

 

 

Argued October 15,
2008

 

 

            Justice Brister, concurring.

 

            Whether a person can avoid an
arbitration clause by claiming she was mentally incompetent raises many
difficult problems. As the Court notes, the federal courts cannot even agree
whether judges or arbitrators should answer the question. I would not try to
guess (as the Court does) how the United States Supreme Court may resolve this
difficult issue because equitable estoppel renders it
irrelevant in this case.

            A person “cannot both have his
contract and defeat it too.”1 Even those who had nothing to do with an
arbitration agreement are bound by it if they seek to gain the benefits of the larger contract in which it is contained.2
Accordingly, it is irrelevant whether Helen Taylor was mentally incompetent;
even if she was, she is still bound to arbitrate because her legal guardian’s
suit depends entirely on account agreements that contain arbitration clauses.

            Every claim Taylor asserts against
Morgan Stanley (breach of fiduciary duty, negligence,
malpractice, and violations of securities law) has no basis unless Morgan
Stanley was her broker. Every legal duty Morgan Stanley owed Taylor arises from
the account agreements. Because Taylor’s guardian insists that Morgan Stanley
violated duties it owed her as a client, he cannot “turn [his] back on the
portions of the contract, such as an arbitration clause, that [he] finds
distasteful.”3

            It is true that in response to the
motion to compel arbitration, Taylor’s guardian asserted for the first time
that all her agreements with Morgan Stanley were unenforceable, not just
the arbitration clauses. But that is not what her pleadings said either before
or after the hearing. The only declaratory judgment she sought in her First
Amended Petition is “that any and all arbitration agreements entered
into by or on behalf of Helen Taylor are void and not enforceable.” She did not
seek rescission, which is her only remedy if the entire account agreements are
invalid due to incompetence.4 To the contrary, she seeks exemplary
damages, statutory damages, and attorney’s fees — relief not available with
equitable remedies like rescission.

            The question whether mental
competence is an issue for courts or arbitrators is not as “straightforward” as
Justice Willett suggests. In Prima
Paint Corp. v. Flood & Conklin Manufacturing Co., the United States
Supreme Court held that a fraudulent inducement claim specifically directed at
an arbitration clause is “an issue which goes to the ‘making’ of the agreement
to arbitrate.”5 In Buckeye Check Cashing, Inc. v. Cardegna, the Court affirmed Prima Paint,
describing it as a case involving a contract’s validity rather than contract
formation.6 Because both contract formation and
validity fall within “the making of the agreement for arbitration” in section 4
of the Federal Arbitration Act,7
that section alone gives no definitive answer. For better or
worse, there has been so much “judicial parsing or sprucing” in this area that
there is no easy answer.

            As the arbitration clauses here were
embedded in each Morgan Stanley contract, Taylor cannot possibly have been
incompetent as to one part but competent as to the rest. As her suit clearly
relies on the contracts as a whole, she should have to comply with the
arbitration clauses too.

            I concede that Morgan Stanley did
not assert direct-benefits estoppel in the trial
court or on appeal. But of course nothing prevents it from doing so now.
Arbitration can be waived by substantial litigation conduct, but there is a
strong presumption against waiver and we have never suggested it occurs by
initially asserting the wrong grounds.8 As this case
can be decided on clear estoppel lines rather than
the murkier line between contract formation and contract validity, I would not
hazard a guess that we may have to retract later. Instead, I would deny the
petition and remand to the district court for reconsideration.

 

                                                                        ____________________________________

                                                                        Scott
Brister

                                                                        Justice

 

OPINION DELIVERED: July 3, 2009














[1] In re Weekley Homes, L.P., 180 S.W.3d 127, 135 (Tex. 2005).





[2] Id. at 131; In re FirstMerit
Bank, N.A., 52 S.W.3d 749, 755 (Tex. 2001).





[3] Weekley, 180 S.W.3d at 135 (internal punctuation omitted)
(citing E.I. DuPont de Nemours & Co. v. Rhone Poulenc
Fiber & Resin Intermediates, S.A.S., 269 F.3d 187, 200 (3d Cir. 2001)).





[4] See, e.g., Oram v. Gen. Am. Oil
Co. of Tex., 513 S.W.2d 533, 534 (Tex. 1974).





[5] 388 U.S. 395, 403-04 (1967)(“Accordingly,
if the claim is fraud in the inducement of the arbitration clause itself—an
issue which goes to the ‘making’ of the agreement to arbitrate—the federal
court may proceed to adjudicate it.”).





[6] 546 U.S. 440, 445-46 (2006).





[7] See id. at 444 n.1.





[8] See Perry Homes v. Cull, 258 S.W.3d 580, 590 (Tex. 2008).