# IN THE SUPREME COURT OF TEXAS

════════════

No. 20-0158

════════════

RODNEY DRAUGHON, PETITIONER,

v.

JOYCIE JOHNSON, RESPONDENT

════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE FIFTH DISTRICT OF TEXAS
════════════════════════════════════════════

JUSTICE BLAND, joined by CHIEF JUSTICE HECHT, JUSTICE BLACKLOCK, and JUSTICE HUDDLE, dissenting.

Statutes of limitation require those who seek redress to sue within a reasonable time after suffering a legal injury.[1] Claims brought outside the applicable statute, absent proof of an exception, are time-barred. Ignoring the legal presumption of sound mind, the Court concludes that unsound-mind tolling is not an "independent ground[] for avoiding dismissal," and thus excuses a plaintiff from producing a scintilla of evidence demonstrating unsound mind in response to evidence that establishes that limitations has run.[2] The text of the tolling statute and a trenchant review of our precedent compel a different conclusion.

---

[1] *Comput. Assocs. Int'l, Inc. v. Altai, Inc.*, 918 S.W.2d 453, 455 (Tex. 1996).

[2] *Ante* at 17.

Once a defendant proves with competent summary-judgment evidence that limitations has run, the plaintiff must respond with some evidence of unsound mind to defeat summary judgment. The Court's holding to the contrary not only departs from the legal presumption of sound mind, it diverges from our treatment of similar tolling provisions that do not affect the accrual date. Because requiring a defendant to establish that a plaintiff was of sound mind during the limitations period to obtain a traditional summary judgment does not comport with the presumption of sound mind, the unsound-mind tolling statute, and our precedent, I respectfully dissent.

## I

Petitioner Rodney Draughon alleges that he inherited property in Kaufman County through intestate succession. In 2006, Draughon conveyed this property to his aunt, Respondent Joycie Johnson, for ten dollars "and other good and valuable consideration." Draughon alleges that the deed is unenforceable because he "did not have the mental capacity to legally sign the warranty deed."

Because eleven years had passed between the date of the deed (September 20, 2006) and the date that Draughon filed this suit (April 26, 2018), Johnson moved for summary judgment, citing the applicable statute of limitations. She attached the deed as evidence in support of her motion. After a hearing, the trial court struck Draughon's responsive evidence as conclusory and granted summary judgment.

Agreeing that Draughon's summary-judgment evidence did not pass muster, the court of appeals affirmed.[3] It held that Draughon did not meet his burden to produce some evidence of

---

[3] __ S.W.3d __ (Tex. App.—Dallas 2020).

2

unsound mind to create a fact issue on limitations. In placing the burden on the plaintiff to create a fact issue about mental capacity once the defendant produces evidence establishing that limitations has run, the court's holding was in accord with the majority of the other courts of appeals.[4]

## II

In disregarding the legal presumption of sound mind and the holdings of most of the courts of appeals, the Court heavily relies on our discovery-rule jurisprudence.[5] Its reliance is misplaced. A defendant must negate the discovery rule to obtain a traditional summary judgment because the discovery rule delays or defers the accrual date, and the accrual date of a cause of action is an element of any limitations defense. The same is not true for tolling defenses that do not affect the

---

[4] *Compare Doe v. Catholic Diocese of El Paso*, 362 S.W.3d 707, 723 (Tex. App.—El Paso 2011, no pet.) ("To prevent summary judgment, the non-movant needs to produce specific evidence that would enable the court to conclude that he did not have the mental capacity to pursue litigation for a definite period of time, or produce a fact-based expert opinion to that effect."), *and Dolenz v. Boundy*, 197 S.W.3d 416, 420 (Tex. App.—Dallas 2006, pet. denied) (holding that plaintiff failed to raise a fact issue about tolling because unsound-mind tolling does not include physical impairments), *and Chavez v. Davila*, 143 S.W.3d 151, 156 (Tex. App.—San Antonio 2004, pet. denied) ("[Plaintiff] had the burden to show the statute of limitations was tolled because she was of unsound mind, and she failed to meet that burden."), *and Grace v. Colorito*, 4 S.W.3d 765, 769 (Tex. App.—Austin 1999, pet. denied) ("To prevent a summary judgment on an unsound-mind theory, the non-movant needs to produce specific evidence that would enable the court to conclude that she did not have the mental capacity to pursue litigation for a definite period of time, or produce a fact-based expert opinion to that effect."), *and Casu v. CBI Na–Con, Inc.*, 881 S.W.2d 32, 34–35 (Tex. App.—Houston [14th Dist.] 1994, no writ) (reversing summary judgment because plaintiff raised the issue of mental incompetency through affidavits and evidence), *with Rollins v. Pressler*, __ S.W.3d __ (Tex. App.—Houston [1st Dist.] February 25, 2021, pet. filed) (purporting to follow *Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019), in concluding that the defendant must conclusively negate unsound-mind tolling and claiming that other opinions to the contrary "are primarily based on a misreading of other cases"), *and Dodson v. Ford*, No. 02-12-00168-CV, 2013 WL 5433915, at *4 (Tex. App.—Fort Worth Sept. 26, 2013, no pet.) ("[Defendant] therefore had to make a prima facie showing that [the unsound-mind tolling] provision did not apply to toll limitations before the burden would shift to [the plaintiff] to raise a question of fact on the issue." (footnote omitted)).

[5] "The discovery rule delays accrual until the plaintiff 'knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury.'" *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 834 (Tex. 2018) (per curiam) (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996)).

accrual date, like the unsound-mind defense. Such defenses do not change the date that a cause of action accrues; thus, for these tolling defenses, we require plaintiffs to produce evidence of tolling to defeat competent summary-judgment evidence that limitations has run.

## A

Some version of unsound-mind tolling has existed since the Republic.[6] It corresponds to the presumption embedded in our law that persons have sufficient mental capacity to agree to contracts and other legal obligations. A plaintiff must overcome the presumption of sound mind with some evidence to submit unsound-mind tolling to the jury:

> The law presumes every party to a legal contract to have had sufficient mental capacity to understand his legal rights with reference to the transaction involved, and, to overcome this legal presumption, the burden of proof rests upon the party asserting to the contrary to establish it by a preponderance of the evidence, and, *if there shall not be sufficient legal evidence introduced to present an issue of fact on this subject, there is no duty resting upon the trial court to submit an issue to the jury for its finding.*[7]

In its modern form, unsound-mind tolling resides in section 16.001 of the Civil Practice and Remedies Code. Under that section, a person "of unsound mind" has a legal disability.[8] If

---

[6] *An Act of Limitations*, 5th Cong., R.S., sec. 11 (Feb. 5, 1841), 1841 Repub. Tex. Laws 163, 166, *reprinted in* 2 H.P.N. GAMMEL, THE LAWS OF TEXAS 1822–1897, at 627, 630 (Austin, Gammel Book Co. 1898) ("[N]o law of limitations . . . shall run against infants, married women, persons imprisoned or persons of unsound mind, during the existence of their respective disabilities[.]"); TEX. REV. CIV. STAT. ANN. art. 3201 (1879) ("If a person entitled to commence suit for the recovery of real property . . . be, at the time such title shall first descend . . . [o]f unsound mind . . . the time during which such disability shall continue shall not be deemed any portion of the time limited for the commencement of such suit . . . .").

[7] *Swink v. City of Dallas*, 36 S.W.2d 222, 224 (Tex. Comm'n App. 1931, holding approved) (emphasis added).

[8] TEX. CIV. PRAC. & REM. CODE § 16.001(a)(2). The other legal disability recognized is that of a person under age eighteen. *Id.* § 16.001(a)(1).

under that disability at the time the cause of action accrues, then limitations is tolled for the duration of the disability:

> If a person entitled to bring a personal action is under a legal disability when the cause of action accrues, the time of the disability is not included in a limitations period.[9]

The relevant period, set by the statute, begins when the cause of action accrues.[10] Under the statute, the date the cause of action accrues stands firm, as does the limitations period. A plaintiff with a legal disability is excused from complying with a limitations statute for so long as the disability exists.

**B**

The traditional motion for summary judgment remains an integral part of summary-judgment practice. The standard for granting traditional motions, found in Texas Rule of Civil Procedure 166a(c), requires a trial court to render summary judgment "forthwith" if the evidence shows no genuine issue of material fact and the moving party is entitled to judgment as a matter of law:

> The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response.[11]

---

[9] *Id.* § 16.001(b).

[10] *Id.*

[11] TEX. R. CIV. P. 166a(c).

5

Because the standard examines the *evidence* presented, a party may not rely on its *pleadings* to defeat a traditional motion for summary judgment based on limitations if the evidence otherwise supports it.[12]

Under Rule 166a(c), a defendant moving for traditional summary judgment must establish each element of an affirmative defense with competent evidence.[13] Once the defendant has done so, however, the plaintiff must counter with some evidence to raise a fact issue to avoid summary judgment.[14]

Johnson sought a traditional summary judgment based on a four-year statute of limitations. "A defendant moving for summary judgment on a statute of limitations affirmative defense must prove conclusively that defense's elements."[15] The elements of a limitations defense are simply (i) the applicable limitations period and (ii) the accrual date.[16]

The parties in this case do not dispute that a four-year limitations period applies.[17] They also do not dispute that Draughon has the burden to establish unsound-mind tolling. We thus

---

[12] *Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994) (holding that plaintiff's assertion of fraudulent concealment did not raise a fact issue because "[a] mere pleading or a response to the summary judgment motion does not satisfy this burden of coming forward with sufficient evidence to prevent summary judgment"); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979) ("Pleadings do not constitute summary judgment proof.").

[13] *KCM Fin. LLC v. Bradshaw*, 457 S.W.3d 70, 79 (Tex. 2015).

[14] *Am. Petrofina*, 887 S.W.2d at 830.

[15] *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001).

[16] *See Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833–34 (Tex. 2018) (per curiam).

[17] *See Ford v. Exxon Mobil Chem. Corp.*, 235 S.W.3d 615, 618 (Tex. 2007) (per curiam) (applying limitations to fraudulent deed claim); *cf. Slaughter v. Qualls*, 162 S.W.2d 671, 674 (Tex. 1942) ("[W]here a deed is merely voidable and the equity powers of the court must first be invoked to cancel the deed before a suit can be maintained at law to recover the land, then the four-year statute . . . controls."); *Williams v. Sapieha*, 61 S.W. 115, 116 (Tex. 1901) ("The deed of an insane person is not void, but, like that of an infant, is voidable at the election of the party.").

examine whether Draughon's unsound-mind pleading affects the accrual date, which is the other element of Johnson's limitations defense. It does not.

The Legislature considered the accrual date to be fixed for unsound-mind tolling: the period begins "when the cause of action accrues." "Accrue" means the date a claim comes into enforceable existence; it does not depend on any legal disability.[18] Because unsound-mind tolling does not disturb the accrual date, it is not the defendant's burden to refute it to establish meritorious grounds for traditional summary judgment unless the plaintiff produces some evidence in support of it. Absent contrary evidence, a traditional summary-judgment motion supported by competent evidence establishing the date of accrual and the applicable limitations period establishes that the defendant is entitled to judgment.[19]

Absent contrary *evidence* is key. A plaintiff may respond to a traditional motion by producing evidence of unsound mind to extend or permanently toll a limitations period that has run. The mere *assertion* of unsound mind, however, does not raise a fact issue that overcomes the evidence otherwise establishing that limitations has run. A party's own pleadings or assertions are not any proof that defeats a traditional motion for summary judgment supported by competent evidence.[20]

---

[18] *See Accrue*, BLACK'S LAW DICTIONARY (11th ed. 2019) ("To come into existence as an enforceable claim or right; to arise[.]"). The accrual date may be set by statute or by the court as a question of law. *Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 609 (Tex. 2017).

[19] *Am. Petrofina*, 887 S.W.2d at 830.

[20] *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979).

The mere assertion of mental incapacity also does nothing to overcome the legal presumption of sound mind to enter contracts. We required summary-judgment type evidence of unsound mind to defeat a limitations defense even before we adopted our modern rules of civil procedure.[21] Absent evidence to the contrary, the law "presumes every party to a legal contract to have had sufficient mental capacity to understand his legal rights with reference to the transaction involved."[22]

Further, the party asserting a legal disability based on unsound mind is the party with the access to the information to prove it.[23] For limitations purposes, we have held that the party with "greater access to the facts necessary to establish that it falls within the rule" should produce that supporting evidence.[24] The purpose of summary judgment is to consider the legal questions presented when no genuine issue of material fact exists.[25] With proof that limitations has run and no proof suggesting that limitations was otherwise tolled, a trial court should grant summary judgment under Rule 166a(c) "forthwith."

---

[21] *Swink v. City of Dallas*, 36 S.W.2d 222, 224 (Tex. Comm'n App. 1931, holding approved) (requiring plaintiff to present evidence of unsound mind to refute limitations defense before presenting question to jury).

[22] *Id.*

[23] Contrary to the Court's assertion, the burden is not premised solely on the best access to the evidence. *Ante* at 19. Instead, we observe that, though a defendant bears the burden of establishing the accrual date, the plaintiff must produce some evidence that the period was tolled once limitations has run. A plaintiff's superior access to evidence of his mental state bolsters the allocation of the burden of production that the tolling statute evinces.

[24] *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 518 (Tex. 1988); *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 312 (Tex. 2010) (orig. proceeding) ("As it is the nonmovant who has this information, he should bear the burden of producing it.").

[25] *Samson Expl., LLC v. T.S. Reed Props., Inc.*, 521 S.W.3d 766, 783 n.56 (Tex. 2017) ("The function of the summary judgment is not to deprive a litigant of his right to trial by jury, but to eliminate patently unmeritorious claims and untenable defenses." (quoting *Clear Creek Basin Auth.*, 589 S.W.2d at 678 n.5)).

Rather than allowing that judgment forthwith, the Court tells defendants to simply use a no-evidence summary-judgment motion to counter an assertion of unsound mind.[26] This flippancy confuses "no-evidence" motions for "no-cost" motions. Rather than summarily disposing of unmeritorious and stale claims based on the evidence presented when no evidence to the contrary exists, as Rule 166a(c) expressly permits, the defendant must endure the high costs of discovery into the merits, without any refutation of the evidence that it is time-barred.[27]

## III

## A

The Court arrives at its conclusion by lumping together anything "affecting the limitations calculation" and making it part of the defendant's summary-judgment burden.[28] But it must acknowledge that we require plaintiffs to come forward with evidence to support other tolling doctrines, including fraudulent concealment, jurisdictional tolling, and diligence in service of process.[29] The Court places these doctrines in a second category it calls reasons to "avoid"

---

[26] *Ante* at 20.

[27] *See In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180 (Tex. 1999) (orig. proceeding) (identifying discovery as "a weapon capable of imposing large and unjustifiable costs on one's adversary" and repeating that discovery "is often the most significant cost of litigation" (quoting Frank H. Easterbrook, *Discovery as Abuse*, 69 B. U. L. REV. 635, 636 (1989))).

[28] *Ante* at 8.

[29] *See KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748, 750 (Tex. 1999) (placing the burden on the plaintiff to adduce evidence supporting fraudulent concealment); *United Servs.*, 307 S.W.3d at 312 (placing the burden on the plaintiff to show that he did not intentionally disregard proper jurisdiction); *Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) (placing the burden on the plaintiff to show diligence in service of process).

limitations that are "independent of the defendant's conclusive showing that the limitations period expired."[30]

The Court's attempted division does not bear up under scrutiny. The distinction between "affecting" limitations and "avoiding" limitations unravels under an examination of our precedent.

For example, the Court places the doctrine of fraudulent concealment in the category of defenses that "avoid" limitations. It must, because we squarely have held that the plaintiff must present some evidence to support a pleading of fraudulent concealment to avoid summary judgment.[31] Fraudulent concealment does not eschew limitations, however; as with unsound mind, it tolls limitations for reasons unrelated to the accrual date.[32] For fraudulent concealment, the cause of action accrues but limitations is tolled due to the defendant's purposeful concealment.

Unlike fraudulent concealment and other tolling doctrines, a defendant must conclusively negate the discovery rule to obtain summary judgment. This is not because the discovery rule fails to "avoid" limitations, however. Like fraudulent concealment, "the discovery rule is a plea in confession and avoidance."[33] The true difference is that one affects the accrual date of the cause of action (the discovery rule) and the other does not (fraudulent concealment).

---

[30] *Ante* at 15.

[31] *See KPMG Peat Marwick*, 988 S.W.2d at 749 ("[A] party asserting fraudulent concealment as an affirmative defense to the statute of limitations has the burden to raise it in response to the summary judgment motion and to come forward with summary judgment evidence raising a fact issue on each element of the fraudulent concealment defense." (footnote omitted)).

[32] *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011) ("Fraudulent concealment only tolls the running of limitations until the fraud is discovered or could have been discovered with reasonable diligence.").

[33] *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988).

The Court's categorization provides no guide for determining whether a particular doctrine "affects" or "avoids" limitations. Does *Gentry* tolling "affect" limitations because it tolls limitations when a corporate alter ego is sued, or does it "avoid" limitations because its purpose is to defeat fraud?[34] When a plaintiff misidentifies a defendant, is limitations "affected" or "avoided"?[35] The Court answers that both doctrines "avoid" limitations because they are "equitable in nature."[36] But the discovery rule, too, is "equitable in nature." When we first gave name to the rule, we observed that such exceptions to limitations were necessary "in order to do justice."[37] Nonetheless, the Court puts the discovery rule in its first category of defenses that "affect" limitations.

The remaining justification for shifting the burden of production that the Court offers is that it "makes practical sense to treat unsoundness of mind like the discovery rule" because "if you are of unsound mind, it will be more difficult for you to discover your injury."[38] Unsound-mind tolling is not a test, however, of the ability to discover an injury but instead excuses compliance with any limitations period for so long as the plaintiff lacks sufficient mental capacity to access

---

[34] *See Matthews Constr. Co. v. Rosen*, 796 S.W.2d 692, 694 (Tex. 1990) (discussing *Gentry v. Credit Plan Corp.*, 528 S.W.2d 571 (Tex. 1975)).

[35] *See Flour Bluff Indep. Sch. Dist. v. Bass*, 133 S.W.3d 272, 274 (Tex. 2004) (per curiam) ("The statute of limitations will be tolled in mis-identification cases if . . . the correct entity had notice of the suit and was not misled or disadvantaged by the mistake.").

[36] *Ante* at 14.

[37] *Gaddis v. Smith*, 417 S.W.2d 577, 580 (Tex. 1967).

[38] *Ante* at 18.

the courts.[39] It does not excuse the plaintiff from showing some entitlement to that access when the plaintiff arrives in court after limitations has run.

**B**

The better understanding of our jurisprudence centers around the accrual date. Once a defendant establishes the accrual date and that limitations has run, a plaintiff must produce some evidence of a tolling doctrine to avoid limitations. Such a rule is consistent with our precedent, not a departure from it.[40]

The discovery rule works by "delaying" or "deferring" the accrual date.[41] It is a "test to be applied in determining when a plaintiff's cause of action accrued."[42] For that reason, we distinguish the discovery rule from other kinds of tolling. As we have long recognized, "[d]eferring accrual and thus delaying the commencement of the limitations period is distinct from suspending or tolling the running of limitations once the period has begun."[43] Thus, "[i]n cases in which the plaintiff pleads the discovery rule, the defendant moving for summary judgment on limitations bears the additional burden of negating the rule."[44] In other words, the burden of proving the

---

[39] *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755–56 (Tex. 1993).

[40] *Schlumberger Tech. Corp. v. Pasko*, 544 S.W.3d 830, 833–34 (Tex. 2018) (per curiam) ("A defendant moving for summary judgment on the affirmative defense of limitations bears the burden of conclusively establishing . . . when the cause of action accrued.").

[41] *E.g.*, *id.* at 834 ("The discovery rule delays accrual until the plaintiff 'knew or in the exercise of reasonable diligence should have known of the wrongful act and resulting injury.'" (quoting *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996))); *Wagner & Brown, Ltd. v. Horwood*, 58 S.W.3d 732, 734 (Tex. 2001) ("The discovery rule exception operates to defer accrual of a cause of action until the plaintiff knows or, by exercising reasonable diligence, should know of the facts giving rise to the claim.").

[42] *Weaver v. Witt*, 561 S.W.2d 792, 794 (Tex. 1977).

[43] *S.V.*, 933 S.W.2d at 4.

[44] *Schlumberger*, 544 S.W.3d at 834.

accrual date remains with the defendant even when the plaintiff asserts the discovery rule in response to a motion for summary judgment.

Disregarding this distinction in our jurisprudence, the Court likens unsound-mind tolling to *Hughes* tolling. For *Hughes* tolling, however, the accrual date is not determined until the plaintiff suffers a legal injury at the conclusion of the underlying lawsuit in which an attorney is alleged to have committed malpractice.[45] *Erikson v. Renda* holds no differently.[46] In that case, we held *Hughes* tolling completely inapplicable because the legal injury occurred, at the latest, as of the date the plaintiff discovered or should have discovered his injury. The Court claims that *Hughes* tolling does not defer accrual because a malpractice claim accrues "when faulty professional advice is taken" or discovered.[47] But it is fundamental that an action cannot accrue unless there is legal injury. A malpractice injury does not come into existence until the underlying suit is resolved; as we observed in *Hughes*, "the viability of the [malpractice] action depends on the outcome of the [underlying action]."[48] Thus, *Hughes* tolling recognizes the deferral of accrual of a malpractice cause of action.

---

[45] *Hughes v. Mahaney & Higgins*, 821 S.W.2d 154, 157 (Tex. 1991).

[46] 590 S.W.3d 557, 570 (Tex. 2019).

[47] *Ante* at 10 n.7 (quoting *id.* at 563).

[48] 821 S.W.2d at 157.

In contrast, fraudulent concealment does not delay the accrual of the cause of action.[49] It instead tolls the limitations period.[50] Because of its nature as an estoppel doctrine, we place the burden on the plaintiff to raise an issue of fact at summary judgment once the defendant establishes the accrual date and the limitations period.[51]

For other tolling doctrines that do not affect the date of accrual, we similarly require the plaintiff to produce evidence to defeat a traditional motion for summary judgment. A plaintiff, for example, must produce evidence of diligent service efforts once a defendant shows that service occurred after limitations has run.[52] "[I]f the plaintiff's explanation for the delay raises a material fact issue concerning the diligence of service efforts, the burden shifts back to the defendant to conclusively show why, as a matter of law, the explanation is insufficient."[53]

We generally spoke about the defendant's summary-judgment burden in *Zale Corp. v. Rosenbaum* without describing the burden of production: "Where the non-movant interposes a suspension statute . . . or pleads diligence in requesting issuance of citation, the limitation defense

---

[49] *S.V. v. R.V.*, 933 S.W.2d 1, 4 (Tex. 1996) (collecting cases); *Comput. Assocs. Int'l., Inc. v. Altai, Inc.*, 918 S.W.2d 453, 456 (Tex. 1996). Though we have described fraudulent concealment as "deferring" limitations, *see S.V.*, 933 S.W.2d at 4–6, in recent cases we have more precisely described the doctrine as tolling or extending limitations, *e.g.*, *Valdez v. Hollenbeck*, 465 S.W.3d 217, 229–30 (Tex. 2015); *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 67 (Tex. 2011).

[50] *Kerlin v. Sauceda*, 263 S.W.3d 920, 925–26 (Tex. 2008).

[51] *Comput. Assocs.*, 918 S.W.2d at 456 ("[D]eferral in the context of fraud or concealment resembles equitable estoppel."); *Am. Petrofina, Inc. v. Allen*, 887 S.W.2d 829, 830 (Tex. 1994) ("This Court has consistently held that a party asserting fraudulent concealment has the burden 'to come forward with proof raising an issue of fact with respect to [that claim].'" (quoting *Nichols v. Smith*, 507 S.W.2d 518, 521 (Tex. 1974))).

[52] *Proulx v. Wells*, 235 S.W.3d 213, 215–16 (Tex. 2007) (per curiam).

[53] *Id.* at 216; *see also Ashley v. Hawkins*, 293 S.W.3d 175, 179 (Tex. 2009) ("When a defendant has affirmatively pleaded the defense of limitations, and shown that service was not timely, the burden shifts to the plaintiff to prove diligence."); *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 830 (Tex. 1990) (same).

14

is not conclusively established until the movant meets his burden of negating the applicability of these issues."[54] We carried forward *Zale*'s general statement in *Erikson* and other cases in which the burden of production was not an issue.[55] And it is generally a true statement: to obtain summary judgment, a defendant must conclusively negate any tolling doctrine, *once the plaintiff has produced some evidence it applies.*

In cases in which the burden of production was directly at issue, however, we reconciled *Zale* to other cases with an express statement of this caveat, clarifying that the defendant's burden to negate a tolling doctrine arises only when the plaintiff adduces some evidence in support of it. In *Proulx v. Wells*, we confirmed this burden, recognizing that the plaintiff in *Zale had* produced evidence raising a fact issue.[56] "Because the plaintiff [in *Zale*] both pled and presented evidence of due diligence in effecting service, our holding that the defendant then bore the burden to disprove diligence as a matter of law [did] not conflict" with the plaintiff's burden to raise a fact issue.[57] We reaffirmed this principle in *Ashley v. Hawkins*, in which we reiterated that it is the

---

[54] 520 S.W.2d 889, 891 (Tex. 1975) (per curiam). In *Zale*, however, we recognized the "distinction between pleas by the non-movant which challenge the existence of limitations . . . and those which do not challenge the limitations defense, but are affirmative defenses in the nature of confession and avoidance. In the latter instance, the non-movant does have the burden of raising a fact issue with respect to his affirmative defense." *Id.*

[55] *Erikson v. Renda*, 590 S.W.3d 557, 563 (Tex. 2019); *Diaz v. Westphal*, 941 S.W.2d 96, 98 (Tex. 1997); *Jennings v. Burgess*, 917 S.W.2d 790, 793 (Tex. 1996).

[56] 235 S.W.3d at 215.

[57] *Id.* In *Oram v. General American Oil Co.*, 513 S.W.2d 533, 533–34 (Tex. 1974), we also suggested that the plaintiff was not "required to raise a fact issue" after "conten[ding]" that a tolling provision applied. As in *Zale*, however, the plaintiff in *Oram* supplied competent evidence that the tolling provision applied. We have never reversed summary judgment in a case in which the plaintiff merely pleaded the applicability of a tolling provision without supporting evidence.

plaintiff's burden to present evidence creating a fact issue when relying on limitations tolling based on diligent service.[58]

We likewise concluded that the plaintiff has the burden of creating a fact issue about the applicability of the tolling provision found in section 16.064 of the Civil Practice and Remedies Code for suits filed in a court that lacks jurisdiction.[59] There we held, "As it is the nonmovant who has this information, he should bear the burden of producing it."[60] Each of these tolling provisions, like the unsound-mind tolling provision, leaves the accrual date untouched.

Requiring Draughon to come forward with some evidence to support his assertion of unsound mind thus does not require us to overrule general statements about the burden of proof on summary judgement in *Erikson*, *Diaz*, or *Jennings*, which arise from *Zale*, and do not address the question of the burden of production. We made the same general statement in *Zale* about the burden of proof for tolling provisions writ large; as with *Zale*, our actual holdings in these cases did not depend on, or even discuss, the allocation of the summary-judgment burden to produce evidence in response to evidence showing that limitations had run. Before today, the Court must acknowledge, most tolling provisions do not excuse the plaintiff from presenting evidence in support of them to avoid summary judgment. To the contrary, save the discovery rule and *Hughes*

---

[58] 293 S.W.3d at 179–81 (affirming summary judgment based on limitations because plaintiff failed to present evidence of diligence in service of process).

[59] *In re United Servs. Auto. Ass'n*, 307 S.W.3d 299, 312–13 (Tex. 2010) (orig. proceeding); *see also* TEX. CIV. PRAC. & REM. CODE § 16.064(a).

[60] *United Servs.*, 307 S.W.3d at 312. As we did in *Proulx*, we clarified the difference in *United Services* between producing evidence to raise a fact issue (which defeats a motion for summary judgment) and not producing (which does not).

tolling (which, like the discovery rule, implicates the date of the legal injury), we have required such a showing.

No need to overrule anything, because none of the cases the Court cites support its dramatic expansion of the defendant's burden of proof at summary judgment from merely establishing the accrual date to negating a tolling doctrine in the absence of any evidence of it. *Erikson* refused to apply any tolling doctrine at all.[61] *Diaz* and *Jennings* addressed whether the open courts provision of the Texas Constitution nullified a statutory revocation of the discovery rule.[62] Nothing in these cases dictates the burden of production in response to a traditional motion for summary judgment.

Johnson attached the signed deed from 2006 as summary-judgment evidence. Johnson thus conclusively demonstrated that limitations had run when Draughon filed this suit in 2018. The burden then shifted to Draughon to raise evidence that he was of unsound mind until four years before he filed suit. Because Draughon presented no evidence creating a fact issue about unsound mind during the limitations period, Johnson was entitled to summary judgment.

\* \* \*

The Court holds that Johnson must prove that her litigation opponent was of sound mind between the time of the alleged wrong and the filing of this lawsuit to prove her limitations defense,

---

[61] *Erikson v. Renda*, 590 S.W.3d 557, 563, 570 (Tex. 2019) (stating, "The defendant must also conclusively negate application of the discovery rule and any tolling doctrines pleaded as an exception to limitations" but holding *Hughes* tolling inapplicable to malpractice "only tangentially related to the prosecution or defense of a claim").

[62] *Diaz v. Westphal*, 941 S.W.2d 96, 98, 100–01 (Tex. 1997) (stating that "the defendant must conclusively negate any relevant tolling doctrines the plaintiff asserted in the trial court" but holding that the open courts provision did not preserve the discovery rule when it was supplanted by statute); *Jennings v. Burgess*, 917 S.W.2d 790, 793–94 (Tex. 1996) (stating that "the movant must conclusively negate the tolling provision's application" but holding that the open courts provision did not apply because the plaintiff's injury was not undiscoverable).

in the absence of evidence to the contrary. Its holding is inconsistent with our precedent requiring the plaintiff to come forward with evidence showing that limitations is tolled in response to a traditional motion for summary judgment that establishes that limitations has run. We should uphold the legal presumption of sound mind in the absence of any proof to the contrary. Because we do not, I respectfully dissent.

_____
Jane N. Bland
Justice

OPINION DELIVERED:  June 11, 2021

18