

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00239-CV

———————————————

APACHE HOSE & BELTING COMPANY, INC., Appellant

V.

KEYSTONE PARTS AND SUPPLY, LLC, Appellee

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CV22-09-683

Before Sudderth, C.J.; Bassel and Walker, JJ.
Memorandum Opinion by Justice Bassel

# MEMORANDUM OPINION

The trial court granted summary judgment in favor of Appellee Keystone Parts and Supply, LLC (Keystone Parts) on a statute-of-limitations ground. Appellant Apache Hose and Belting Company, Inc. (Apache) appeals this decision, claiming the trial court granted summary judgment in error. We will affirm.

## Background

Apache initially filed a lawsuit against Keystone Synergy (Synergy) in 2020. The record shows that after Synergy filed a motion for discovery sanctions against Apache and its counsel, Apache nonsuited its case without prejudice. Apache then sued Synergy again in 2022. The 2022 suit forms the basis of this appeal and initially alleged two causes of action against Synergy: suit on a sworn account and breach of contract for unpaid customer statements (invoices) pursuant to a consignment agreement between Apache and Synergy. Apache attached a copy of the consignment agreement to its petition, as well as a summary of the two unpaid invoices that had been billed to Keystone Parts.

On October 12, 2023, Synergy filed no-evidence and traditional motions for summary judgment. The motions asserted that according to the documents attached to Apache's petition, Keystone Parts, not Synergy as alleged in the petition, was the entity to whom Apache had shipped the parts and had billed the unpaid invoices.

Synergy asserted that it is a separate entity from Keystone Parts and that it had never ordered—or been shipped parts—pursuant to the consignment agreement.[1]

After Synergy filed its motion for summary judgment, Apache amended its petition on October 18, 2023, to include Keystone Parts as a defendant. Apache subsequently responded to Synergy's motions for summary judgment, arguing that Synergy had failed to identify Keystone Parts as a potential party to the lawsuit in its Rule 194.2 disclosures. Before the trial court ruled on Synergy's summary-judgment motions, Apache filed a motion to dismiss Synergy from the lawsuit with prejudice.

The trial court granted the motion to dismiss Synergy with prejudice, and then Keystone Parts filed a motion for summary judgment asserting that the statute of limitations had run on both invoices—on September 30, 2022, for the first invoice and on July 28, 2023, for the second. Keystone Parts also filed a motion to dismiss and alternatively a motion for sanctions. Apache responded to all of Keystone Parts' motions and filed its own motion for sanctions.

During the summary-judgment hearing, Apache argued that it had missed the limitations deadline only because Synergy had failed to disclose Keystone Parts as a potential party to the lawsuit—violating the Rule 194.2(b) mandatory disclosures.

_____

[1]Synergy, in its motion for summary judgment, acknowledged that it provided office administration services to Keystone Parts. Synergy handled the books, IT, accounts payable, and other basic back-office functions for Keystone Parts. Despite the similar business names, Synergy claims that Keystone Parts was—and remains—a separate entity from Synergy, and that neither company is a parent or subsidiary of the other.

Keystone Parts responded by pointing out that Keystone Parts was identified on invoices throughout the discovery *produced by Apache* and thus was not "undiscoverable" by Apache. The trial court granted Keystone Parts' motion for summary judgment. The trial court did not rule on either sanctions motion.[2]

Apache presents two issues on appeal: (1) whether a party can fail to disclose a potential party until after the statute of limitations has expired and (2) whether a party can "game the system" by failing to disclose the proper party in the suit until after the statute of limitations has run.[3] Apache argues these issues together, contending that because Synergy failed to disclose Keystone Parts as a potential party, the trial court improperly granted summary judgment for Keystone Parts on the statute-of-limitations affirmative defense. Thus, we address both issues presented as a single

---

[2]On appeal, there is no separate issue raised that requests sanctions and Apache admits that it is "not sure what relief to seek." However, Apache does ask in two sentences that we sanction *both* Keystone Parts and Synergy—and their counsel—for the alleged deceptive acts. We decline to address issues related to the motions for sanctions because none were preserved for appellate review. *See* Tex. R. App. P. 33.1(a) (requiring the record to show that a complaint was made to the trial court by timely request, objection, or motion; that the trial court ruled or refused to rule; and that the complaining party objected to a refusal to rule); *Ortegon v. Benavides*, No. 04-05-00768-CV, 2008 WL 577175, at *11 (Tex. App.—San Antonio Mar. 5, 2008, pet. denied) (holding denial of sanctions waived when record did not show trial court ruled on motion for sanctions). The appellate record fails to show that the pretrial sanctions motions were heard, and there is no written order of a ruling on the motions. Therefore, Apache failed to preserve error for any complaint related to the motions for sanctions.

[3]We note that both questions consider the acts or failings of Synergy and that Synergy had been dismissed with prejudice from the lawsuit at the time that Keystone Parts' summary-judgment motion was ruled on.

4

issue: Was summary judgment improperly granted for Keystone Parts based upon the alleged failures of Synergy during the discovery process or, more precisely, did the acts of Synergy preclude Keystone Parts from asserting that limitations had run?

**Standard of Review**

We review a summary judgment de novo. *Travelers Ins. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). We consider the evidence presented in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding evidence contrary to the nonmovant unless reasonable jurors could not. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). We indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *20801, Inc. v. Parker*, 249 S.W.3d 392, 399 (Tex. 2008).

When a defendant moves for summary judgment, he must either (1) disprove at least one essential element of the plaintiff's cause of action or (2) plead and conclusively establish each essential element of an affirmative defense, thereby defeating the plaintiff's cause of action. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508–09 (Tex. 2010); *see* Tex. R. Civ. P. 166a(b), (c). "An affirmative defense is '[a] defendant's assertion of *facts and arguments* that, if true, will defeat the plaintiff's . . . claim, even if all the allegations in the complaint are true.'" *Godoy v. Wells Fargo Bank, N.A.*, 575 S.W.3d 531, 536 (Tex. 2019) (emphasis added) (quoting *Zorrilla v. Aypco Constr. II, LLC*, 469 S.W.3d 143, 155–56 (Tex. 2015)). Once a movant conclusively establishes an affirmative defense, the burden of production shifts to the

5

nonmovant to raise a fact issue on at least one element of the affirmative defense or to show an exception or defense to the affirmative defense. *See Cunningham v. Tarski*, 365 S.W.3d 179, 186 (Tex. App.—Dallas 2012, pet. denied).

## Applicable Law

The bar created by a statute of limitations is an affirmative defense. *Id.* Here, the applicable statute of limitations term for a breach of contract to sell goods is four years. *See* Tex. Bus. & Com. Code Ann. § 2.725 ("An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued."). As a general rule, determining the accrual of a cause of action is a question of law. *See Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 222 (Tex. 2003). A cause of action for breach of contract accrues when the contract is breached. *Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002); Tex. Bus. & Com. Code Ann. § 2.725(b). Breach occurs when a party fails to perform the obligations under the contract. *Gumpert v. ABF Frieght Sys., Inc.*, 293 S.W.3d 256, 264 n.4 (Tex. App.—Dallas 2009, pet. denied). "Where the plaintiff's pleadings establish that the statute of limitations has run, pleadings alone can justify summary judgment." *Trail Enters., Inc. v. City of Houston*, 957 S.W.2d 625, 632–33 (Tex. App.—Houston [14th Dist.] 1997, pet. denied).

A plaintiff may invoke equitable estoppel as an affirmative defense in avoidance of a defendant's statute of limitations defense. *Exxon Mobil Corp. v. Rincones*, 520 S.W.3d 572, 593 (Tex. 2017) (citing *Oram v. Gen Am. Oil Co. of Tex.*, 513 S.W.2d 533, 534 (Tex. 1974) (per curiam)). "Once the movant establishes that the action is barred,

the non-movant must present summary-judgment evidence raising a fact issue on each element of his affirmative defense in avoidance." *Id.* The burden does not shift back to the movant to negate the nonmovant's affirmative defense in avoidance. *Id.* Equitable estoppel requires five elements:

> (1) a false representation or concealment of material facts; (2) made with knowledge, actual or constructive, of those facts; (3) with the intention that it should be acted on; (4) to a party without knowledge or means of obtaining knowledge of the facts; (5) who detrimentally relies on the representations.

*Johnson & Higgins of Tex., Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507, 515–16 (Tex. 1998). "To invoke the doctrine of estoppel, all the necessary elements of estoppel must be present." *Roberts v. Clark*, 188 S.W.3d 204, 213 (Tex. App.—Tyler 2002, pet. denied) (citing *Douglas v. Aztec Petroleum Corp.,* 695 S.W.2d 312, 317 (Tex. App.—Tyler 1985, no writ)).

Notably, the party seeking the benefit of the doctrine must have reasonably or justifiably relied on the conduct or statements of the party sought to be estopped. *Inimitable Grp., L.P. v. Westwood Grp. Dev. II, Ltd.*, 264 S.W.3d 892, 902 (Tex. App.—Fort Worth 2008, no pet.) (citing *Roberts*, 188 S.W.3d at 213; *Douglas*, 695 S.W.2d at 317). The purpose of estoppel is to protect those who have been misled by statements that appear fair on their face, but "[a] person may not assert estoppel for the purpose of shielding himself from the results of his own dereliction of duty." *Id.* at 902–03 (citing *Roberts*, 188 S.W.3d at 213; *Douglas*, 695 S.W.2d at 317).

## Discussion

Apache concedes on appeal that the statute of limitations had run by the time Keystone Parts was added to the lawsuit.[4] Because the statute-of-limitations defense was established, the burden shifted to Apache to show either an exception or a defense to the statute of limitations. *See Cunningham*, 365 S.W.3d at 186. In its response to Keystone Parts' motion for summary judgment, Apache did not plead any applicable affirmative defense under Rule 94. *See* Tex. R. Civ. P. 94. Rather, it appears that Apache attempted to make an equitable estoppel argument in both the trial court and on appeal. Apache argued that "[t]he only reason for this current statute of limitations problem is [Keystone Parts' and Synergy's] failure to assert that there was the incorrect party in the suit from the date of the first suits filed in November 2020." Apache argued that both Keystone Parts and Synergy were at fault, but despite this, Apache had already moved to dismiss Synergy from the lawsuit *with prejudice*. Because Apache had already dismissed Synergy, Keystone Parts was the only defendant remaining, and there is no dispute that Keystone Parts was sued after the statute of limitations ran.

---

[4]We agree. The invoices attached to the second amended petition were dated August 31, 2018 (First Invoice), and June 28, 2019 (Second Invoice)—both with "Customer Terms" of "1/2% 10 days/Net 30." In its motion for summary judgment, Keystone Parts alleged that because of the "Net 30" term, the invoices were past due on September 30, 2018, and July 28, 2019, respectively. Apache did not dispute this conclusion in its summary-judgment response and does not dispute it on appeal. Apache added Keystone Parts to the lawsuit in the first amended petition that was filed on October 18, 2023, clearly more than four years after both invoices were past due and after the statute of limitations had run on each. *See* Tex. Bus. & Com. Code Ann. § 2.725.

Outside of the complaint that Synergy essentially hid Keystone Parts from Apache as a potential party to the lawsuit, Apache presented no argument to support its claim that Keystone Parts should be equitably estopped from asserting that limitations had run. Apache claims only that it missed the statute of limitations deadline because of Synergy's conduct—specifically that Synergy failed to inform Apache for almost three years that it was the wrong entity to sue.

If Apache is raising equitable estoppel in avoidance of Keystone Parts' statute-of-limitations defense, Apache failed to present summary-judgment evidence to raise a fact issue on each element of this theory. In particular, Apache does not—and could not—claim that it did not know Keystone Parts was the company billed on the invoices at issue, nor that Apache lacked information that Keystone Parts was a potential party to the lawsuit. Indeed, the invoices naming Keystone Parts as the recipient of Apache's goods were attached to its original petition. Keystone Parts' reply in support of its motion for summary judgment included text from an email (with the subject line of "Re: [EXT] Case 2001108295; 177834 DB: KEYSTONE PARTS AND SUPPLY, LLC – CL:APACHE, INC. APACHE, INC. – 2001108295") that was written by Apache's attorney stating that "other Keystone entities might need to be brought into the case" in June 2021. But for reasons not included in the record, Apache did not add Keystone Parts to the lawsuit for two more years. This evidence negates Apache's claims that there were false representations or a concealment of Keystone Parts' role and that it reasonably or justifiably relied on the allegedly deficient disclosures when

9

Apache had the information pointing to the correct defendant all along. Consequently, the summary-judgment evidence shows that there was no fact issue as to the first, fourth, and fifth elements of equitable estoppel. *See Kenneco*, 962 S.W.2d at 515–16.

Accordingly, we hold that Keystone Parts conclusively proved its statute-of-limitations affirmative defense and that Apache did not raise a fact issue as to any element of the defense or show any exception to the defense; thus, the trial court properly granted summary judgment in favor of Keystone Parts. We overrule Apache's two issues.

## Conclusion

Having overruled Apache's two issues, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: February 27, 2025